**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEITH PRESTON NANCE,

        Plaintiff-Appellant,

v.

ALLEN MISER, Chaplain, Rynning Unit
at ADOC; MIKE LINDERMAN, Pastoral
Administrator; ROBERT PATTON,
Deputy Director of Offender Operations at
ADOC; JAMES T. VICKLUND,
Chaplain,

        Defendants-Appellees.

No.    16-15058

D.C. No. 2:12-cv-00734-SMM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted January 11, 2018
San Francisco, California

Before:  WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

Arizona state prisoner Keith Nance (Nance) appeals the district court's

partial summary judgment in favor of Defendants and *sua sponte* dismissal with

_____

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

prejudice of Nance's civil rights action alleging that Defendants denied him a Halal diet and shaving waiver.

**1.** The district court abused its discretion in *sua sponte* dismissing Nance's case. The district court did not adequately warn Nance that his failure to obey the court order regarding the seating arrangement for the status conference could result in case terminating sanctions. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006) (discussing failure to warn as an abuse of discretion, especially when the dismissal is *sua sponte*). In addition, less drastic alternatives were available, such as the issuance of an order to show cause to Nance. *See id.*; *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) ("[D]ismissal is a harsh penalty imposed only in extreme circumstances. . . .") (citation omitted). Nance is now, however, on notice that any future infraction may warrant maximum consequences from the district court, including the dismissal of his case with prejudice. *See* Fed. R. Civ. P. 16(f) (authorizing sanctions); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (explaining the inherent power of the court to sanction, including dismissal).

**2.** We review partial summary judgment in favor of Defendants on Nance's Religious Land Use and Institutionalized Persons Act, First Amendment, and equal protection claims for the denial of a halal diet with meat *de novo*, *see Sharp v.*

2

*County of Orange*, 871 F.3d 901, 909 (9th Cir. 2017), and we reverse.  The district court improperly granted partial summary judgment on these claims based on cost evidence that had not previously been disclosed to Nance, and that Nance did not have adequate opportunity to challenge.  *See* Fed. R. Civ. P. 37(c)(1). Accordingly, the district court's partial summary judgment in favor of Defendants on these claims is reversed because their liability is dependent on the cost evidence.

**3.**  The district court properly granted summary judgment in favor of Defendants James Vicklund (Vicklund), Mike Linderman (Linderman), and Robert Patton (Patton) on Nance's First Amendment claim for damages because Nance failed to raise a material issue of fact regarding their personal involvement in the denial of Nance's shaving waiver.  *See Maxwell v. County of San Diego*, 708 F.3d 1075, 1097 (9th Cir. 2013) (holding that a government official may be held liable in § 1983 actions "only for the official's own conduct") (citation omitted). However, because we reverse the partial summary judgment on Nance's religious diet claims, we reinstate Vicklund, Linderman, and Patton into this action.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART for further proceedings consistent with this disposition.**

**Costs are awarded to Plaintiff Keith Nance.**